IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AZADEH CHEGINI,<br>    *Plaintiff*,<br><br>v.<br><br>HARBORVIEW MORTGAGE<br>LOAN TRUST 2006-12, *et al.*,<br>    *Defendants*. | Civil Action No. ELH-17-664 |

**MEMORANDUM OPINION**

Azadeh Chegini, the self-represented plaintiff, filed suit against a host of defendants, including Wells Fargo Bank, N.A. ("Wells Fargo"), as trustee on behalf of the holders of the HarborView Mortgage Loan Trust 2006-12 (collectively, "Harborview"); Select Portfolio Servicing, Inc. ("SPS"); Bank of America, N.A. ("BANA")[1]; and Mortgage Guaranty Insurance Corporation ("MGIC"). *Id.* The dispute stems from a mortgage loan of $380,000 obtained by plaintiff from First Magnus Financial Corporation ("First Magnus") in connection with a property located on Pinecrest Heights Drive in Annandale, Virginia (the "Property").

Plaintiff's Complaint is 71-pages long. *See id.* And, plaintiff filed 71 exhibits with her Complaint.[2]

---

[1] BANA "is the successor by merger to BAC Home Loans Servicing, which was known formerly as Countrywide Home Loans Servicing LP." *Deutsche Bank Nat'l Trust Co. v. Brock,* 430 Md. 714, 720 n. 6, 63 A.3d 40, 43 n. 6 (2013). Plaintiff has sued BANA both individually and as successor to "Countrywide Financial Corp.", "Countrywide Home Loans", and "Countrywide Home Loans Servicing, L.P." ECF 1 at 1.

[2] In the Complaint, plaintiff skips from paragraph 188 to paragraph 221. *See* ECF 1 at 58-59. In addition paragraphs 173 and 174 appear on two pages. *See id.* at 56, 59. The exhibits were filed in paper format with the Clerk and are not available on CM/ECF. I shall refer to the exhibits by the number used by plaintiff.

The Complaint is, at times, difficult to understand. Nevertheless, it appears that plaintiff asserts four counts.[3] In Count One, plaintiff claims that her mortgage is void or voidable because of violations of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.*; the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et. seq.*; and fraud. ECF 1, ¶¶ 84-146. In Count Two, plaintiff claims that she is entitled to rescission under 15 U.S.C. § 1653(i). ECF 1, ¶¶ 147-172. Count Three asserts a claim of violation of the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691 *et seq.* ECF 1, ¶¶ 173-224. And, in Count Four, plaintiff asserts a claim under the Homeowner Protection Act, 12 U.S.C.A. §§ 4901 *et seq.* ECF 1, ¶¶ 225-259.

Three motions to dismiss are pending. First, SPS and Harborview filed a motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF 4. The motion is supported by a memorandum of law (ECF 4-1) and exhibits. ECF 4-2 through ECF 4-4. Plaintiff opposes the motion (ECF 10) and submitted another 18 exhibits.[4] SPS & Harborview have replied. ECF 15.

Second, BANA moved to dismiss the case for lack of venue, pursuant to Fed. R. Civ. P. 12(b)(3), and for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). ECF 17. BANA's motion is supported by a memorandum of law. ECF 18-1 (collectively, BANA's Motion). Plaintiff opposes BANA's Motion (ECF 28), with exhibits. ECF 18-1 through ECF 18-5. BANA has replied. ECF 34.

---

[3] The Court is mindful of its obligation to construe liberally the pleadings of a pro se litigant, which are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

[4] Plaintiff's exhibits were filed in paper format only.

Third, MGIC filed a motion to dismiss (ECF 18) for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), supported by a memorandum of law. ECF 18-1. Chegini opposes MGIC's motion (ECF 27), with exhibits. ECF 27-1 through ECF 27-5. MGIC replied. ECF 31.

No hearing is necessary with respect to the motions. *See* Local Rule 105.6. For the reasons that follow, I conclude that venue is not proper in this Court. Therefore, I shall transfer the case to the Eastern District of Virginia, pursuant to 28 U.S.C. § 1406(a). And, because venue is improper, I shall not address the remaining motions.

**I.     Background**

Chegini is the owner of the Property. ECF 1, ¶ 9. On or about October 18, 2006, plaintiff executed a Deed of Trust in favor of First Magnus and obtained an adjustable rate mortgage in the amount of $380,000.00 ("Loan"), with an initial interest rate of 2.000%, secured by the Property. ECF 1, Ex. 2 (Deed of Trust) at 2. Mortgage Electronic Registration Systems, Inc. ("MERS") was selected as the nominee for First Magnus. *Id*.

On or about July 20, 2011, MERS executed an assignment of the Deed of Trust to BAC Home Loans Servicing. ECF 1, Ex. 3. Thereafter, on August 10, 2012, the Deed of Trust was assigned from BANA, as the successor by merger to BAC Home Loans Servicing, to Harborview. *See* ECF 17-2 (Assignment). SPS is the servicing agent for Wells Fargo. ECF 1, ¶ 10.

According to SPS, Harborview, and BANA, plaintiff defaulted in 2009 on her payment obligations under the Loan. *See* ECF 4-1 at 1 and ECF 17-1 at 3. BANA states that plaintiff has made no payments on the loan since 2009. ECF 17-1 at 3. As a result of the default, plaintiff has faced "numerous thwarted attempts at foreclosure." ECF 1, ¶ 21. Indeed, Chegini alleges

that she "has been in foreclosure, and under the threat of foreclosure numerous times and continuously during the last eight years." *Id.* ¶ 104.

On July 22, 2013, plaintiff filed suit in the Circuit Court for Fairfax County, Virginia, against Harborview; BANA; and SPS. *See* ECF 4-4 (State suit). In her state court complaint, Chegini asserted fifteen causes of action, including each of the four causes of action contained in the case *sub judice*. *See id.* at 2-3. On August 21, 2013, the defendants removed the case to the United States District Court for the Eastern District of Virginia. *See* ECF 1 in E.D. Va. Case 1:13-cv-01042-GBL-JFA ("Va. Case" or "Virginia Case"). On November 25, 2013, SPS, BANA, and Harborview collectively moved to dismiss the case for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). *See* Va. Case, ECF 39. On December 12, 2013, Judge Gerald Bruce Lee, to whom the case was assigned, granted defendants' motion and dismissed the case, without prejudice. *See* Va. Case, ECF 43. This suit followed more than three years later, on March 9, 2017. *See* ECF 1.

## II.  Standard of Review

A defendant may challenge the sufficiency of the plaintiff's choice of venue by way of a motion under Rule 12(b)(3). Section § 1391(b) of 28 U.S.C. provides that venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

These three subsections are often referred to, respectively, as "residential venue," "transactional venue," and "fallback venue." C. Wright & A. Miller, *Federal Practice &*

*Procedure*, (3d ed.) ("Wright & Miller"), § 1304. The first two subsections are "preferred judicial districts" for venue, while the third subsection provides a "fallback option . . . ." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, ___ U.S. ___, 134 S.Ct. 568, 578 (2013). Thus, "if no other venue is proper, venue will lie in any judicial district in which any defendant is subject to the court's personal jurisdiction [under 1391(b)(3)]." *Id.* (internal quotations and citation omitted) (emphasis omitted).

In addition, § 1391(c) is pertinent. It states, in part, *id.*:

[A]n entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . .

In the Fourth Circuit, when a challenge to venue is raised, the plaintiff bears the burden of demonstrating that venue is appropriate. *Bartholomew v. Virginia Chiropractors Association,* 612 F.2d 812, 816 (4th Cir. 1979), *cert. denied*, 446 U.S. 938 (1980), overruled on other grounds by *Union Labor Life Ins. Co. v. Pireno*, 458 U.S. 119 (1982); *accord Tinoco v. Thesis Painting, Inc.*, GJH-16-752, 2017 WL 52554, at *2 (D. Md. Jan. 3, 2017); *Jones v. Koons Auto. Inc.,* 752 F. Supp. 2d 670, 679 (D. Md. 2010). When the court does not hold an evidentiary hearing, "the plaintiff need only make a prima facie showing that venue is proper." *CareFirst, Inc. v. Taylor*, ___ F. Supp. 3d ___, 2017 WL 75947, at *3 (D. Md. 2017) (Blake, C.J.) (citing *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004)). "In assessing whether there has been a prima facie venue showing, [the court views] the facts in the light most favorable to the plaintiff." *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 366 (4th Cir. 2012). And, the court may "freely consider evidence outside the pleadings . . . ." *Sucampo Pharm., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006); *see also Aggarao*, 675 F.3d at 365-56 ("On a motion to dismiss under Rule 12(b)(3), a court is permitted to consider evidence outside

the pleadings."); *Taylor v. Shreeji Swami, Inc.*, PWG-16-3787, 2017 WL 1832206, at *1 (D. Md. May 8, 2017) (same); *Convergence Mgmt. Assocs., Inc. v. Callender*, TDC-15-4015, 2016 WL 6662253, at *2 (D. Md. Nov. 10, 2016) (same).

Because "'it is possible for venue to be proper in more than one judicial district,' the question is not whether a given district is the best venue, but whether the events or omissions that occurred there are 'sufficiently substantial.'" *Carefirst*, 2017 WL 75947, at *4 (quoting *Mitrano*, 377 F.3d at 405). And, in considering "whether events or omissions are sufficiently substantial to support venue . . . , a court should not focus only on those matters that are in dispute or that directly led to the filing of the action." *Mirtano*, 377 F.3d at 406 (citation omitted). Instead, "it should review 'the entire sequence of events underlying the claim.'" *Id.*; *accord Taylor*, 2017 WL 1832206, at *1; *Callender*, 2016 WL 6662253, at *2.

### III. Discussion

As indicated, BANA claims that venue is not proper in Maryland. ECF 17-1 at 5-6. According to BANA, "all relevant events occurred in Virginia.[]" *Id.* at 6. Based on plaintiff's own allegations, BANA points out that the Property is located in Virginia, plaintiff resides in Virginia, and the Loan originated in Virginia. *Id.* Thus, BANA asserts that "the appropriate venue for the claims asserted . . . is the [Eastern] District of Virginia, not this District, because a 'substantial part of the events or omissions giving rise to the claim occurred' in Virginia and because the 'property that is the subject of the action is situated' in Virginia, not in Maryland." *Id.* Moreover, BANA asserts, *id.*: "[F]or venue purposes, this case has no relevant connection to Maryland, and Plaintiff should not be permitted to forum-shop." *Id.*

In her Complaint, Chegini states: "The District Court may exercise jurisdiction over all of the Defendants in this action inasmuch as the Defendants . . . have conducted regular business in

all fifty states . . . ." ECF 1, ¶ 1. In her opposition to BANA's Motion, Chegini claims that BANA's "accusations of forum shopping are without merit." ECF 28 at 10. According to plaintiff, the conditions of the Court's jurisdiction have been met: "(1) the claims are related to Federal law which may be adjudicated in any Federal Court in the United States; (2) [the] parties have diverse citizenship; and (3) the amount in controversy exceeds $75,000." *Id.*

Further, Chegini contends that she "had legitimate reasons to choose Maryland District Court." *Id.* She also contends that she "has the right to choose the venue" and her choice of venue does not prejudice defendants because BANA has "legal counsel who represent them in all fifty states, and BANA's national counsel is in Washington D.C. . . ." *Id.* In addition, Chegini contests BANA's argument that all relevant events occurred in Virginia. *Id.* at 11. She claims that pertinent events occurred in Arizona, California, Connecticut, New York, and Wisconsin. *Id.* And, she states that "Wells Fargo, the manager for the trust claimed to own Plaintiff's loan[,] is domiciled in Maryland." *Id.* at 10.

In its reply, BANA maintains that plaintiff has confused "this Court's diversity jurisdiction with venue." ECF 34 at 3. BANA argues: "Plaintiff offers no rationale, argument, or allegation connecting the loan, property, or the allegations in the Complaint to Maryland." *Id.* And, BANA notes that, to the extent that plaintiff claims that Wells Fargo is domiciled in Maryland, that claim is factually inaccurate. According to BANA, "Wells Fargo is a national chartered banking association organized under the laws of the United States of America," with its "main office" located in South Dakota. *Id.* at 3 n. 3.

In my view, under 28 U.S.C. § 1391(b), plaintiff has failed to make a *prima facie* showing that venue is proper in the District of Maryland.

First, venue is not proper in Maryland under 28 U.S.C. § 1391(b)(1). As indicated, § 1391(b)(1) provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Wright and Miller provides an example explaining the operation of § 1391(b), *id.* § 3805: "Plaintiff sues two defendants. One resides in the Eastern District of Virginia and the other resides in the District of Maryland. There is no district in which venue is proper under Section 1391(b)(1) . . . Residential venue cannot be invoked on this fact pattern."

Here, the defendants are entities with the capacity to be sued. Therefore, they are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action was commenced. *See* 28 U.S.C. § 1391(c). I pause to review briefly the fundamental principles of personal jurisdiction with respect to a corporate entity.

The Supreme Court has long held that personal jurisdiction over a nonresident defendant is constitutionally permissible so long as the defendant has "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). Due process jurisprudence recognizes "two types of personal jurisdiction: general and specific." *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 292 n. 15 (4th Cir. 2009). The Fourth Circuit has explained:

> General personal jurisdiction, on the one hand, requires "continuous and systematic" contacts with the forum state, such that a defendant may be sued in that state for any reason, regardless of where the relevant conduct occurred. Specific personal jurisdiction, on the other hand, requires only that the relevant conduct have such a connection with the forum state that it is fair for the defendant to defend itself in that state.

*Id.* (citing, *inter alia, Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414-15, (1984)) (internal citations omitted).

A court may exercise general jurisdiction over foreign corporations to hear "any and all claims" against the corporations "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citations omitted). In contrast, specific jurisdiction "depends on an 'affiliatio[n] between the forum and the underlying controversy . . . .'" *Id.* (citation omitted) (alteration in *Goodyear*).

Plaintiff has failed to allege facts to support the existence of general personal jurisdiction in Maryland over BANA, SPS, or MGIC. *See* ECF 1; ECF 28. In particular, she has not alleged facts tending to show that the defendant entities are effectively "at home" in Maryland. *See* ECF 11. Nor has she made allegations sufficient to make a finding of specific jurisdiction over BANA, SPS, or MGIC in Maryland. In particular, Chegini has failed to point to any events relating to this litigation that occurred in Maryland. *See id*.

To be sure, Chegini alleges that Harborview has its "principal corporate trust office" in Columbia, Maryland. *See* ECF 1, ¶ 12. However, even if Harborview is subject to personal jurisdiction in Maryland, venue is not proper under § 1391(b)(1) because Chegini has failed to make a showing that the other defendants are subject to personal jurisdiction in Maryland.

Second, venue is not proper in the District of Maryland under § 1391(b)(2). As noted, § 1391(b)(2) provides that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." In determining whether a substantial part of the events underlying a claim arose in a particular district, the Fourth Circuit has considered the activities of both plaintiffs and defendants. *See*, *e.g., Mitrano*, 377 F.3d 405–406 (stating that

plaintiff's "work under the contract constituted 'a substantial part of the events' [and] omissions giving rise to [plaintiff's] claim.").

The opinion of the court in *Walker v. National Mortgage LLC*, 142 F. Supp. 3d 63 (D.D.C. 2015), provides guidance. In that case, the self-represented plaintiffs filed a 67-page suit against a host of defendants under the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, concerning the foreclosure of their property, located in Maryland. *Id.* at 65. Two of the defendants moved to dismiss the case, *inter alia*, for lack of venue. *Id.* at 67.

In reviewing the applicability of § 1391(b)(2), the court observed: "Plaintiffs have not pled any facts which might support transactional venue in the District of Columbia." *Id.* The court explained, *id*. at 68:

> Plaintiffs allege a mortgage secured for a property in Maryland, mortgage servicing associated with that property, a foreclosure proceeding initiated in the state of Maryland, and other acts associated with Plaintiffs' Maryland property. Moreover, based on the address listed in the Complaint, Plaintiffs currently live at the Maryland property that is the subject of the foreclosure[].

Thus, the court concluded, *id.*:

> Because the transaction appears to have no connection to the District of Columbia, the Plaintiffs have not pled facts establishing that "a substantial part of the events or omissions giving rise to the claim occurred" in the District of Columbia or that "a substantial part of property that is the subject of the action is situated" in this jurisdiction.

Similarly, Chegini has not alleged any facts that support the conclusion that venue is appropriate in the District of Maryland under § 1391(b)(2). To the contrary, Chegini alleges that she is a resident of Virginia and that the Property is located in Virginia. ECF 1, ¶ 9. And, in her opposition to BANA's Motion, Chegini claims that events relevant to the litigation occurred in

Arizona, California, Connecticut, New York, and Wisconsin. ECF 28 at 11. Notably, she did not claim that any relevant events took place in Maryland. *See id.*

From my review, the only facts that Chegini has alleged that pertain to Maryland are that the principal address of Harborview is in Maryland (ECF1, ¶ 12) and that Wells Fargo is domiciled in Maryland. ECF 28 at 10. However, she has not pointed to any events in the sequence underlying the claim that occurred in Maryland. Even assuming plaintiff's allegations are true, venue is not proper in Maryland under § 1391(b)(2) because she has not pleaded facts establishing that "a substantial part of the events or omissions giving rise to the claim occurred" in Maryland or that "a substantial part of property that is the subject of the action is situated" in this jurisdiction. *See* 28 U.S.C. § 1391(b)(2).

Third, venue is not proper in Maryland under 28 U.S.C. § 1391(b)(3). Section 1391(b)(3) provides that, "if there is no district in which an action may otherwise be brought", venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Plaintiff has not disputed that venue is proper in the Eastern District of Virginia. Indeed, she filed suit in the Circuit Court for Fairfax County in 2013 based on the same core facts and allegations here, and against three of the same parties. *Compare* ECF 11 *with* ECF 4-4.[5] As noted, Harborview and SPS removed plaintiff's Virginia state court case to the Eastern District of Virginia. *See* Va. Case, ECF 1.[6] Furthermore, in its reply, BANA affirmatively stated that

---

[5] The Property is located in Fairfax County, Virginia, and disputes arising in Fairfax County are properly heard in the Alexandria Division of the Eastern District of Virginia. *See* 28 U.S.C. § 127(a); E.D.V.A. Local Rule 3(B).

[6] According to SPS and Harborview, BANA had not yet been served when the case was removed. Va. Case, ECF 1, ¶ 15.

"the appropriate venue for the claims asserted in the Complaint is the [Eastern] District of Virginia . . . ." ECF 34 at 3.[7]

From my review, venue appears to be proper in the Eastern District of Virginia under 28 U.S.C. § 1391(b)(2), because that is the judicial district where the Property is located (ECF 1, ¶ 9), where plaintiff resides (*id.*), where it appears the Deed of Trust was signed (*see* ECF 1, Ex. 2), and because a substantial number of the events underlying the Complaint occurred. *See id.* Therefore, extending venue under 28 U.S.C. § 1391(b)(3) would not be appropriate.

### IV.  Transfer, 28 U.S.C. § 1406

Section 1406 of Title 28 of the United States Code pertains to the "cure or waiver of defects" of venue. Section 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The statute makes clear that, where venue is improper, the district court has discretion to dismiss the action or transfer it to a forum in which the case could have been brought. *See id.*; *see also Sewell v. Commodity Futures Trading Comm'n*, PX-16-2457, 2017 WL 1196614, at *4 (D. Md. Mar. 31, 2017) (explaining that, under § 1406(a), "[w]hether a transfer would be in the interest of justice is committed to the discretion of the trial court"); *Ademiluyi v. Nat'l Bar Ass'n*, GJH-15-02947, 2016 WL 4705536, at *3 (D. Md. Sept. 8, 2016) (same).

Among other things, factors that courts have considered in determining whether transfer is in the interest of justice include whether the statute of limitations has run since the commencement of the action; if the defendant has misled the plaintiff on facts relevant to venue; if transfer would be more efficient or economical than dismissal; and if plaintiff's belief that

---

[7] In connection with the case *sub judice*, Harborview, SPS, and MGIC have not stated their respective views on whether venue is proper in the Eastern District of Virginia.

venue was proper was in good faith and reasonable. Wright & Miller, § 3827.  In addition, many courts have found that transfer rather than dismissal is in the interest of justice when the plaintiff is self-represented.  *See, e.g.*, *Proctor v. Morrissey*, 45 F.3d 427 (4th Cir. 1995) (table) (per curiam) (vacating district court order dismissing an action filed by a pro se litigant for failure to consider transfer under § 1406(a)); *see also Fam v. Bank of Am. NA (USA)*, ___ F. Supp. 3d ___, 2017 WL 706151, at *8 (D.D.C. Feb. 22, 2017) ("[C]ourts have concluded that the presumption in favor of transfer is especially strong where a plaintiff files a complaint *pro se*.") (collecting cases); *Agundis v. Rice*, 16-00122-CG-B, 2017 WL 1293060, at *6 (S.D. Ala. Feb. 22, 2017) ("The undersigned finds that it is in the interest of justice[] to transfer this case . . . given that Plaintiff is proceeding pro se."), *report and recommendation adopted*, 2017 WL 1281150 (S.D. Ala. Apr. 3, 2017); *Dabbagui v. Halliburton Energy Serv.*, No. 3:16-CV-2739-B-BN, 2016 WL 6788071, at *2 (N.D. Tex. Oct. 25, 2016) ("[T]he interest of justice's transfer-over-dismissal preference 'is especially true when the plaintiff files a complaint *pro se*.'") (citation omitted), *report and recommendation adopted*, 2016 WL 6778393 (N.D. Tex. Nov. 15, 2016).

Here, transfer to the United States District Court for the Eastern District of Virginia is in the interest of justice because plaintiff is self-represented and because transfer will promote efficiency and economy.  In particular, plaintiff has now filed two suits based on the facts surrounding the Loan, the earlier of which dates to January 2013.  Dismissal would not promote the resolution of the dispute and would likely lead to additional litigation.  It is in the interest of justice for plaintiff's allegations to be heard in a proper forum, without the time and expense of initiating a new case.

## V. Conclusion

Plaintiff has not made a *prima facie* showing that venue is proper in Maryland under 28 U.S.C. § 1391. However, because transfer, rather than dismissal, is in the interest of justice, I shall transfer the case to the Eastern District of Virginia.

In view of my disposition regarding venue, I do not address defendants' various motions to dismiss, pursuant to Rule 12(b)(6). *See* ECF 4; ECF 17; ECF 18.

An Order follows, consistent with this Memorandum Opinion.


Date: August 16, 2017                   /s/
                                        Ellen L. Hollander
                                        United States District Judge